Bernard R. Mazaheri
Oregon Bar Number 196610
Mazaheri & Mazaheri
325 Shelby St
Frankfort, Kentucky 40601
Email - Bernie@TheLaborFirm.com
Tel – (502) 475-8201
*Attorney for Plaintiff Robert Tooley*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF OREGON**
**Pendleton Division**

| | |
|---|---|
| **Robert Tooley,** | **Case Number** 2:21-cv-457 |
| **Plaintiff,** | **COMPLAINT** |
| | **Employee Retirement Security Act** |
| v. | **29 U.S.C. § 1140** |
| **Blue Mountain Networks, LLC &** | |
| **Eastern Oregon Telecom, LLC,** | |
| **Defendants.** | |

1. The Plaintiff, Robert Tooley, sues Defendants, Blue Mountain Networks, LLC (BMN) and Eastern Oregon Telecom, LLC (EOT), pursuant to 29 U.S.C. § 1132(a) and (b) for violating 29 U.S.C. § 1140.

2. Defendants interfered with Plaintiff's protected rights under the Employee Retirement Income Security Act (ERISA) by terminating Plaintiff in retaliation for exercising rights to which Plaintiff was entitled

Page 1 – COMPLAINT

under the provisions of a covered employee benefit plan(s).  Specifically, Defendant fired Plaintiff, in whole or in part, because Plaintiff objected, on behalf of himself and others, to substantial reductions in the value of Defendant's covered employee benefit plan(s).

3. The Honorable Court has exclusive jurisdiction pursuant to 29 U.S.C. § 1132(e)(1).

4. Defendant BMN is a foreign limited liability company doing business, in among other places, Hermiston, Oregon.

5. Defendant EOT is a domestic limited liability company in Hermiston, Oregon.

6. Venue is appropriate before this Honorable Court pursuant to 29 U.S.C. § 1132(e)(2).

7. Plaintiff worked for Defendant EOT from October 2008 to on or about March 10, 2021, when he was fired.

8. Defendants are interrelated companies.

9. Defendant EOT and Defendant BMN are one and the same.

10. Joe Franell is both CEO of EOT and President of BMN.

Page 2 – COMPLAINT

11. At all times relevant, Joe Franell had the ability to hire and fire Plaintiff.

12. EOT and BMN share management.

13. In late January and through mid-February 2021, Plaintiff objected to the proposed reduction of the value of multiple benefits provided in Defendant's employee benefit plan(s). Specifically, Plaintiff objected both orally and in writing to the following proposed changes:

   a. Withdrawal of employee life insurance coverage;

   b. Withdrawal of employee long term disability insurance coverage;

   c. Withdrawal of employee carryover payments for unused vacation hours and reduction of employee vacation accruals;

   d. Withdrawal of scheduled work holidays;

   e. Reduction of 401(k) contribution matching (in the amount of 1%);

   f. A three-fold increase in the eligibility threshold for 401(k) contributions (effectively reducing the value of the plan); and

Page 3 – COMPLAINT

  g.  The effects the proposed changes would have on Defendants' most vulnerable worker populations; namely, employees with heart problems, cancer and other serious health conditions.[1]

14. At the time of Plaintiff's initial complaint, Defendants had not yet communicated the proposed ERISA plan changes to their workforce.

15. Defendants' Executive Vice President of Operations responded to Plaintiff on one occasion, in part: ". . . agreed things are crappy and I'm concerned about how we can navigate past our morale . . . [r]est is a conversation we should have over beers . . . whatever the outcome."

16. The "outcome" was that Defendants upper management decided to terminate Plaintiff.

17. Plaintiff was fired during a meeting on March 10, 2021, and told that would be his last day of work. Defendants assured Plaintiff that his termination had nothing to do with the quality of his work but told

---

[1] 42 U.S.C. § 12203 makes it unlawful to "coerce, intimidate, threaten, or interfere with any individual . . . on account of his [] having aided or encouraged any other individual in the exercise or enjoyment of, any right granted or protected" by the Americans with Disabilities Act, as amended.

Page 4 – COMPLAINT

Plaintiff that they "simply could not find a place for him" in the future of the company.

18.  Defendants fired Plaintiff because Plaintiff complained about the reduction in value of Defendants' employee benefit plan(s).

19.  Defendants jointly wrote to Plaintiff via a document dated March 10, 2021 claiming that they were providing "for the transition of [Plaintiff] leaving."

20.  In the same document, Defendants declared: "Blue Mountain Networks/EOT's need to transition you from the company."

21.  Defendants jointly requested that Plaintiff forgo his rights under various laws against them including under ERISA.

22.  But for Defendants' unlawful termination of Plaintiff, Plaintiff would still be a participant and/or beneficiary of Defendants' ERISA-covered plan(s).

23.  Plaintiff's complaints about the value of his employee benefit plan(s) are protected activities as defined by ERISA and interpretive case law.

24.  As of the date of the filing of this lawsuit, plaintiff has standing to sue for lost wages and benefits, including the loss in value of his employee benefits.

25.  Defendants are engaged in interstate commerce.

26.  As of the date of Plaintiff's termination, Defendants provided benefits to employees (including plaintiff) that were covered by ERISA.

27.  Defendants continue to provide benefits to employees that are covered by ERISA that, but for Defendant's unlawful termination of Plaintiff, Plaintiff would be entitled to receive.

28.  In February 2021, Plaintiff exercised his rights under ERISA by objecting to dramatic reductions in the value of Defendants' employee benefit plan(s).

29.  The reason for Defendants' termination of Plaintiff's employment in March 2021 was Plaintiff's exercising of his rights under ERISA.

30.  Defendants did not eliminate Plaintiff's position.

31. Defendants retaliated against Plaintiff by terminating his employment shortly after he objected to the reduction in the value of employee benefits on his own behalf and on behalf of other employees.

32. Plaintiff was an employee in good standing.

33. Plaintiff's position was not eliminated.

34. At all times relevant, Plaintiff was:

   a. an employee in, or reasonably expected to be in, employment covered by ERISA;

   b. a former employee with a reasonable expectation of returning to employment covered by ERISA; and/or

   c. a former employee with a colorable claim to vested benefits.

35. Defendants violated Section 510 of ERISA when they terminated Plaintiff's employment.

Wherefore, Plaintiff demands:

   (A) Pursuant to 29 U.S.C. § 1132(a)(1)(B) to recover the benefits due to him but for his unlawful termination, to enforce his rights under his plan, and to clarify his rights to future benefits under the terms of his plan;

(B) Pursuant to 29 U.S.C. § 1132(a)(3)(B)(i) equitable relief to redress Defendants' violations for terminating his employment including recovery of lost wages and/or reinstatement;

(C) Pursuant to 29 U.S.C. § 1132(a)(3)(B)(ii) enforce the provisions of 29 U.S.C. § 1140; and

(D) Pursuant to 29 U.S.C. § 1132(g) attorney's fees and costs.

Respectfully submitted this 25th day of March 2021,

/s/ *Bernard R. Mazaheri*
Bernard R. Mazaheri
Oregon Bar Number 196610
Mazaheri & Mazaheri
325 Shelby St
Frankfort, Kentucky 40601
Email - Bernie@TheLaborFirm.com
Tel – (502) 475-8201
*Attorney for Plaintiff Robert Tooley*

Page 8 – COMPLAINT